JONES & AL. vs. THORN.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiffs sued out a writ of attachment, and summoned Richards & Spier as garnishees. These denied being indebted to the defendant—averred they drew a bill for $600 on S. Cox, and sold it for cash to Frost, Thorn & co., of whom the defendant is the surviving partner; that the bill was protested, they owe the amount of it to the holder, and are sued for it, by Osborn & Bowers, the present holders.

A partner who enderses a note due to the partnership, after his co-partner's death, transfers all his own interest in it.

The court appointed an attorney to represent the defendant.

This gentleman prayed the attachment might be discharged, as no property was attached; pleaded the general issue, and the discharge of the defendant, under the insolvent laws of New-York, the domicil of all parties in the present suit, and that the plaintiffs were parties to the proceedings in which the discharge was obtained.

Osborn & Bowers intervened, alleging themselves the holders of the bill, mentioned in

JONES & AL.
*vs.*
THORN.

the garnishees' answer, and have obtained judgment against them thereon.

The plaintiffs resisted the claim of the intervening party, averring that the latter paid no consideration for the bill, and that the whole transaction is collusive and fraudulent.

The district court dismissed the suit, being of opinion that there was nothing due from the garnishees to the defendant, and so the latter was not in court. The plaintiffs appealed.

It appears that Richards deposed that the defendant and Spier composed the firm of Spier & Thorn, of New-York; and Frost, Thorn & co., of New-Orleans. Thorn being the active partner in New-Orleans, and Spier in New-York. The two endorsements on the bill, (then produced,) viz. " Frost, Thorn & co." and " Spier & Thorn," are in the defendant's hand-writing—that W. Thorn, who purports to be an endorser of the bill, is the defendant's brother, and a merchant in New-York; but was not concerned with Spier & Thorn at the time. The defendant, at the time of the date of the bill, and for several months after, was in New-Orleans. On or

East'n District.
*May*, 1824.

JONES & AL.
*vs.*
THORN.

about the 14th of March 1821, the notes of Spicer & Thorn, lay over, in New-York; and they could not make their payments, as the witness understood. The witness's information of their insolvency, results from his correspondents in New-York, from the defendant, and from a list of their creditors, which they sent from New-York, and which he believes was given him by the defendant.

It is urged that the endorsement of the bill by the defendant, is void; being made after the death of Spicer, and consequently after the partnership had expired. It certainly transferred the share or right of the defendant, and if so, did not leave any property of his in it, liable to attachment.

It is next contended, that the bill having been endorsed after protest, and consequently after its maturity, the endorsees took it subject to every equitable defence. This principle is correct, and we understand this to mean such defence as the acceptor, drawer, or anterior endorser, might base on the proof that the bill was paid, or that the party called upon was discharged from the obligation of paying it—because the circumstance of the bill being over due, gave rise to a slight presumption

East'n District.
*May*, 1824.

JONES & AL.
*vs.*
THORN.

that the amount of it was not demandable—but this is a *slight* presumption, not the strong one, which will stand till the contrary be proved. The case does not shew that the bill was paid, nor any circumstance from which the liability of any person whose name stands on it has ceased.

It is very clear the defendant had parted with all his rights in the bill, and there was nothing that could be attached as his property.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Strawbridge* for the plaintiffs, *Morse* for the defendant.